CHIASSON, Justice Ad Hoc,
concurring in part-and dissenting in part.
I concur with the affirmation of the conviction and sentence and disagree with certain findings and holdings by the majority.
Upon finding the district court had no jurisdiction of the appeal and that the Nineteenth Judicial District Court should have dismissed the appeal, this Court should remand the case to the district court for that purpose. This would have effectively put an end to this litigation because the record herein shows that the defendant failed to object to the prosecution by the City Attorney, if in fact this did occur,[1] and the defendant would not have been entitled to obtain remedial writs from this Court. See La.C.Cr.P. art. 841 and Supreme Court Rule 10, Sec. 5(10) and the Explanatory Comments.
But, more importantly, I cannot agree with the conclusion which asserts there is no prosecution in cases in which a guilty plea has been entered. Although the affidavit which can initiate a criminal charge can be signed and filed by someone other than a district attorney, the Constitution in this case requires all further prosecution of said charge to be by the district attorney. See La.C.Cr.P. arts. 381 and 385, 1974 La. Const, art. V, Sec. 26(B). There can be no arraignment, acceptance of a written guilty plea or any other action taken except upon motion of the district attorney.
The constitutional provision and the ruling of this Court in the Short case cited by the majority should not be circumvented by-restricting prosecution to mean only the trial of a criminal case.
This holding is also completely unnecessary since the issue need not be determined in this case and is therefore obiter dictum.
For these reasons, I respectfully dissent from such a holding.

. The record in the State charge does not reflect who was the prosecuting attorney when this guilty plea was entered.